UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

TISHA WILSON,

                              Plaintiff,

               -against-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND W. KELLY, DEPUTY INSPECTOR FRANK
VEGA, POLICE OFFICER PAUL PARKINSON,
POLICE OFFICER FRANK BULZONI, POLICE
OFFICER JESSICA NAVARRO, POLICE OFFICERS
JOHN DOE #1-2

                              Defendants.

------------------------------------------------------------------------ x

**ANSWER**

Jury Trial Demanded

07 Civ. 9309 (LAP)(KNF)

        The City of New York, Raymond W. Kelly, Frank Vega, Paul Parkinson, Frank Bulzoni and Jessica Navarro, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit plaintiff purports to proceed as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit plaintiff purports to proceed as stated therein.

        3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit plaintiff purports to proceed as stated therein.

        4.     Deny the allegations set forth in paragraph "4" of the complaint, except admit plaintiff purports to invoke the jurisdiction of the Court as stated therein.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit plaintiff purports to invoke the jurisdiction of the Court as stated therein.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit plaintiff purports to base venue as stated therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Admit the allegations set forth in paragraph "8" of the complaint.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that Raymond Kelly is and was the New York City Police Department Commissioner and further admit that plaintiff purports to proceed as stated therein and respectfully refer the Court to the City Charter and Administrative Code for a recitation of the duties of the Commissioner.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit defendant Frank Vega was employed by defendant City of New York as a deputy inspector on October 23, 2006, and remains so employed and further admit that plaintiff purports to proceed as stated therein.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that defendants Paul Parkinson, Frank Bulzoni and Jessica Navarro are employed by defendant City of New York as police officers and further admit that plaintiff purports to proceed as stated therein.

12. Deny the allegations set forth in paragraph "12" of the complaint and respectfully refer all questions of law to the Court.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that a purported Notice of Claim was received by the New York City Office of the

Comptroller on or about January 9, 2007, and further admit that defendants have made no adjustment or payment to plaintiff.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that plaintiff was arrested on October 23, 2006.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint and respectfully refer all questions of law to the Court.

17. Deny the allegations set forth in paragraph "17" of the complaint, including all subparts, and respectfully refer all questions of law to the Court.

18. In response to the allegations set forth in paragraph "18" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "17" inclusive of this answer, as if fully set forth herein.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. In response to the allegations set forth in paragraph "21" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "20" inclusive of this answer, as if fully set forth herein.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. In response to the allegations set forth in paragraph "29" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "28" inclusive of this answer, as if fully set forth herein.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "32" inclusive of this answer, as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. In response to the allegations set forth in paragraph "38" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "37" inclusive of this answer, as if fully set forth herein.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint and respectfully refer all questions of law to the Court.

41. In response to the allegations set forth in paragraph "41" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "40" inclusive of this answer, as if fully set forth herein.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint, including all subparts.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

44. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

45. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

46. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of its discretion; therefore, they are entitled to state law good faith immunity.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

47. Any injuries alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and were not the proximate result of any act of the defendants.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

48. Plaintiff has failed to comply, in whole or in part, with New York General Municipal Law § 50-e.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

49. Plaintiff cannot recover punitive damages from defendant City of New York.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

50. There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR AN EIGHT AFFIRMATIVE DEFENSE:

51.     Plaintiff's conspiracy claim is barred by the intra-corporate conspiracy doctrine.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

52.     The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

53.     Plaintiff provoked any incident.

WHEREFORE, defendants City of New York, Raymond W. Kelly, Frank Vega, Paul Parkinson, Frank Bulzoni and Jessica Navarro request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
December 17, 2007

    MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Attorney for Defendants
100 Church Street, Room 3-141
New York, New York 10007
(212) 788-0869

By:  /s/ Jordan M. Smith
      Jordan M. Smith
      Assistant Corporation Counsel

To:  Nicole Bellina, Esq. (by ECF)
     Stoll, Glickman & Bellina, LLP
     71 Nevins Street
     Brooklyn, New York 11217