```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/27/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

TISHA WILSON,

                                   Plaintiff,

                -against-

CITY OF NEW YORK, et al.,

                                 Defendants.

------------------------------------------------------------------- x

**STIPULATION AND PROTECTIVE ORDER**

07-CV-9309 (LAP)(KNF)

        **WHEREAS**, plaintiff has requested that the City of New York provide information and disclose documents pertaining to certain performance evaluations and disciplinary records of defendants; and

        **WHEREAS**, defendants deem this information and these documents confidential; and

        **WHEREAS**, defendants object to the disclosure of this information and production of these documents unless appropriate protection for their confidentiality is assured;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for plaintiff and defendants as follows:

        1.    As used herein, "Confidential Materials" shall mean the performance evaluations of the individual defendants and any other documents that the defendants may in the future in good faith deem "confidential materials" pursuant to this Order because of privacy, law enforcement or governmental interests, except that such documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) obtained by plaintiff from sources other than defendant, or (b) are otherwise publicly available.

2. The defendants shall designate in good faith particular documents "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by Bates number in a writing directed to plaintiff's counsel. The defendants shall have a reasonable time to inspect and designate as "Confidential Materials" documents sought by subpoena from third parties, and such documents, if produced to plaintiff, shall be treated as "Confidential Materials" during such reasonable period. The defendants reserve the right to designate any documents confidential pursuant to this agreement if necessary after production of such documents to the plaintiff. If plaintiff objects to the designation of particular documents as "Confidential Materials," plaintiff shall state such objection in writing to the defendants, and the parties shall endeavor in good faith to resolve such objection. If such objection cannot be resolved, then defendants shall, within ten (10) days of receiving plaintiff' objections, move for an order approving such designation.

3. Plaintiff's attorneys shall not use the Confidential Materials for any purpose other than for the preparation or presentation of the case entitled Tisha Wilson v. City of New York, et al., 07-CV-9309 (LAP)(KNF) ("this action.").

4. Plaintiff's attorneys shall not disclose the Confidential Materials to any person not a member of the staff of their law office, except under the following conditions:

    a. Disclosure may be made only if necessary to the preparation or presentation of their cases in this action.

    b. Disclosure before trial may be made only to the parties, to an expert or experts who has or have been retained or specially employed by their attorneys in this action in anticipation of litigation or preparation for this action, to a witness at deposition,

or to the Court. In the event a conflict arises between the parties as to whether plaintiff may show the Confidential Materials to a potential deponent, or other person whom counsel reasonably believes may have knowledge of the information described or referred to in the Confidential Materials, plaintiff agrees not to do so until such time that the parties can obtain a ruling from the Court in this regard.

c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiff's attorneys shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by plaintiff's attorneys and copies provided to counsel for defendants.

5. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall at defendants request to the reporter, be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

6. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

**CONFIDENTIAL**

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

7. However, where the confidential information is not material to issues addressed in court submissions and the parties agree that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents without further order of the Court.

8. In addition, where advance notice is given by plaintiff and the parties agree that the confidential information is being used in support of a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure by plaintiff or is being produced at a trial on the merits in this matter, after due consideration to its admissibility has been made by the Court, such information will not be subjected to the instant protective order and will be made available to the public so long as defendants' social security numbers, home addresses, telephone numbers and family names are redacted and/or remain confidential.

9. Within 30 days after the termination of this case, including any appeals, the Confidential Materials, including all copies, and all nonconforming copies, notes, and other

materials containing or referring to information derived therefrom, shall, upon defendants' request, be returned to defendants' attorneys or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendants' attorneys.

10. Nothing in this Stipulation and Protective Order shall be construed to limit defendants' use of the Confidential Materials in any manner.

11. The parties reserve their rights to seek modification of this Protective Order by application to the Court for good cause shown at any time during the course of this litigation.

Dated:   New York, New York
         May 8, 2008

Nicole Bellina, Esq.  
*Attorney for Plaintiff*  
71 Nevins Street  
Brooklyn, New York 11217  

By: _____  
Nicole Bellina, Esq.

MICHAEL A. CARDOZO  
Corporation Counsel of the  
   City of New York  
Attorney for Defendants  
100 Church Street, Room 3-161  
New York, New York 10007  
(212) 788-1573  

By: _____  
Leticia J. Santiago  
Senior Counsel

SO ORDERED:

May 22, 2008

_____  
HONORABLE LORETTA A. PRESKA  
UNITED STATES DISTRICT JUDGE